CV 12-3400

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 09 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
MARNI WEXLER

        Plaintiff,

**COMPLAINT**
**JURY TRIAL DEMANDED**

v.

FELLOWS, HYMOWITZ & EPSTEIN, PC;
HRI CONSULTING, INC.;
JOHN DOES 1-5

        Defendant.
-------------------------------------------------X

SUMMONS ISSUED

SPATT, J.

BOYLE, M.J.

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Fellows, Hymowitz & Epstein, PC ("Fellows") and HRI Consulting, Inc. ("HRI") (Collectively "Defendants"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA's Section entitled "Congressional findings and declaration of purpose" states:

(a) Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

  a. Plaintiff resides within this district;

  b. Defendants do business within this district;

  c. The occurrences giving rise to this action happened in this district.

## PARTIES

5. Defendant, Fellows, has offices located at 254 S. Main Street, 4th Floor in New City, NY 10956.

6. Defendant, HRI, has offices located at 1979 Marcus Avenue, Suite 215 in Lake Success, NY 11042

7. Plaintiff is a resident of Nassau County, New York and as it relates to this action is a "consumer" as defined by the FDCPA.

## FACTS

8. On or about June 29th, 2012, a representative named Cathy called plaintiff and left the following message on Plaintiff's cell phone ending in 6497: "Yes- hi I'm trying to reach Marni Wexler. Please contact Cathy at the attorney's office of Fellows, Hymowitz & Epstein, 516-492-3069. Thank you." The call did not have a caller identification.

9. Despite attempting to determine who actually made this call, including by having plaintiff's attorney Shimshon Wexler call the number provided and ask, Plaintiff is still unsure. When Attorney Wexler called and asked Cathy for an explanation of the 516 area code when Fellows does not have a Long Island location, he was told that this was Cathy's number who worked at Fellows and they had a satellite office in Long Island.

10. The voice message left for plaintiff is a "communication" as defined by the FDCPA because it conveyed information regarding the debt.

11. In making this phone call, defendants sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from medical services or for personal, family or household purposes and not from business purposes.

12. Upon information and belief, the phone number 516-492-3069 belongs to HRI.

13. Upon information and belief, there is an agreement or understanding between the defendants allowing messages to be left for consumers in the form of the message that was left for the plaintiff.

14. According to its website on or about July 5th, 2012, HRI is a debt collection company specializing in consumer delinquent accounts.

15. HRI is a "debt collector" as defined by the FDCPA.

16. According to ecourts, http://iapps.courts.state.ny.us/webcivil/ecourtsMain, Fellows was the attorney for the plaintiff in over 1,500 lawsuits—many of which were for the collection of a debt.

17. Fellows is a "debt collector" as defined by the FDCPA.

## VIOLATIONS ALLEGED

18. Defendants' conduct violates 15 U.S.C. §§1692, 1692e.

19. 15 USC § 1692e entitled "false or misleading representations " states: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:......

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

20. Defendants violated the above provision of the statute because the voice message failed to indicate that it was a call from a debt collector.

21. Defendants violated the FDCPA because leaving a call back number owned by TRI and claiming that it belongs to the law firm of Fellows is false, deceptive and misleading.

22. Defendants violated the FDCPA because, upon information and belief, the voice message failed to truthfully disclose the identity of the caller.

23. Leaving a voice message and claiming that the call came from an attorney's office when in fact it did not is extremely deceptive and untruthful. The intention behind this practice is to try to extract money from consumers by pretending that a law firm is on their backs.

24. Defendants are liable to the plaintiff for damages pursuant to Section "k" of the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendants for:

    (1) Statutory damages from each defendant in an amount of $1,000;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other and further relief as the Court deems proper.

Dated: New York, New York
   July 5th, 2012

**The Plaintiff**

By: _____
Shimshon Wexler
*Attorney for Plaintiff*
PO Box 250870
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com